UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                      16-51-SDD-RLB

QUINN P. REED

### RULING

This matter is before the Court on the Motion to Dismiss[1] Movant's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence[2] filed by the United States ("the Government"). Defendant, Quinn Reed ("Defendant" or "Reed") failed to directly respond or oppose the Government's motion, but he did file a subsequent Motion to Supplement the Record,[3] to which the Government filed a Second Motion to Dismiss.[4] This Second Motion to Vacate is essentially a Motion for Compassionate Release under 18 U.S.C. § 3582; thus, it has no relation to his first Section 2255 motion to vacate and will not be considered herein. Because Defendant's Section 2255 Motion is untimely and without merit, the Government's Motions to Dismiss will be granted.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

In May 2016, Reed was charged by indictment with three felony offenses: possession with intent to distribute marijuana and cocaine, Schedule I and II controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to

---

[1] Rec. Doc. 126.
[2] Rec. Doc. 120.
[3] Rec. Doc. 129.
[4] Rec. Doc. 130.

distribute cocaine base and cocaine, Schedule II controlled substances, and aiding and abetting another in same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2); and unlawful use of a communications facility, in violation of 21 U.S.C. § 843(b) (Count 3).[5] Reed subsequently filed two motions to suppress.[6] Following two separate hearings, the first motion was orally granted, and the second motion was denied via written ruling.[7] These rulings resulted in the dismissal of Count 1 of the indictment.[8]

Thereafter, Reed entered into a written plea agreement with the Government;[9] on December 4, 2017, Reed pled guilty to Counts 2 and 3 of the indictment -- possession with intent to distribute cocaine base and cocaine and unlawful use of a communications facility.[10] Reed reserved his right to appellate review of the Court's denial of his second motion to suppress.[11] However, in the plea agreement, Reed expressly waived the right to appeal his conviction and sentence and to challenge his conviction and sentence in any post-conviction proceeding under, *inter alia*, 28 U.S.C. § 2255, subject to a few exceptions not relevant here.[12] A comprehensive factual basis supporting Reed's guilty pleas was authenticated, read, and filed into the record.[13] The Court then found that Reed's guilty pleas were made knowingly, voluntarily, and intelligently, and with a sufficient factual basis.[14] The Court accepted the pleas and referred Reed to the United States Probation Office for the preparation of a presentence investigation report ("PSR").[15]

---

[5] Rec. Doc. 1.
[6] Rec. Docs. 25, 39.
[7] Rec. Docs. 35, 55, 62.
[8] Rec. Docs. 69, 72.
[9] Rec. Doc. 76.
[10] *Id.* at p.1
[11] *Id.* at p. 11.
[12] *Id.* at pp. 10-11.
[13] Rec. Docs. 76, 75.
[14] Rec. Doc. 75.
[15] *Id.*

Pursuant to the PSR, Reed's base offense level was 24 based on his possession with intent to distribute 205.13 kilograms of marijuana equivalents.[16] Reed also received a 2-level adjustment for his role in the offense as an organizer, leader, manager or supervisor, as well as a 2-level enhancement based on his receipt of an aggravating role adjustment and also used friendship, affection, or some combination thereof because he involved his girlfriend in the illegal purchase, sale, transport, or storage of controlled substances, where his girlfriend received little or no compensation and had minimal knowledge of the scope and structure of the enterprise.[17] Finally, as relevant here, Reed received a career offender enhancement based on a conviction for simple kidnapping, a crime of violence, on November 14, 2000; a state conviction for attempted possession with intent to distribute marijuana on December 1, 2014; and a federal conviction for possession with intent to distribute marijuana on December 14, 2016.[18] After receiving the entire three-point benefit for acceptance of responsibility, Reed's total offense level was 29.[19] Based on his lengthy and dangerous criminal history, Reed easily fell into the highest criminal history category, even prior to and aside from the career offender adjustment.[20] Thus, Reed's advisory Guidelines range was 151 to 188 months, while the applicable statutory maximum term of imprisonment was 20 years (or 240 months), as to Count 2, and four years as to Count 3.[21]

---

[16] Rec. Doc. 79, p. 7, ¶ 24.
[17] *Id.* at pp. 7–8, ¶¶ 25, 27.
[18] *Id.* at p. 8, ¶ 30.
[19] *Id.* at p. 8, ¶ 33.
[20] Rec. Doc. 79, p. 16, ¶¶ 47–50.
[21] *Id.* at p. 26, ¶¶ 92, 91; *see also* Rec. Doc. 108, p. 8. The Court notes that Reed inaccurately claims his advisory Guidelines range was 210 to 262 months, Doc. 120, p. 8; however, it appears that Reed has confused the instant matter with the case reflected in Docket No. 3:16-cr-00079-BAJ-EWD-1, wherein Reed was subject to a higher advisory Guidelines range per Record Document 77, p. 29.

A sentencing hearing took place on March 22, 2018, during which the Court heard argument on the parties' objections to the PSR, including one submitted by Reed himself via letter to the Court.[22] The Court overruled Reed's objection and ultimately adopted the factual findings of the PSR, as orally revised at sentencing, accepted the plea agreement, and imposed sentence.[23] Reed was sentenced to concurrent terms of imprisonment of 160 months, as to Count 2, and 48 months, as to Count 3.[24] Reed's sentences were ordered to run concurrent to the sentence imposed by Judge Brian A. Jackson, Middle District of Louisiana Docket No. 16-CR-79-BAJ-EWD, and consecutive to any future sentence which might be imposed in Louisiana's 19th Judicial District Court, Docket No. 06-16-0738.[25]

Reed subsequently filed an appeal challenging this Court's denial of his second motion to suppress evidence.[26] On August 29, 2019, the Fifth Circuit affirmed the district court's denial of Reed's motion to suppress the drugs and telephone call underlying his convictions in this case.[27]

Reed filed the instant motion on June 30, 2023, asserting that his "base offense level was wrongfully enhanced under USSG § 4B1.1," the career offender Guideline provision.[28] Specifically, Reed argues the above-referenced 2014 and 2016 drug offenses "do[] not qualify as controlled substance offenses under the USSG and Federal law."[29] Reed claims he failed to raise this issue in his direct appeal because the "[g]round wasn't available until after Supreme Court and Circuit Court rulings," which he contends altered

---

[22] Rec. Docs. 88, 108.
[23] Rec. Docs. 88, 108.
[24] Rec. Doc. 91.
[25] Rec. Docs. 91, 93, 108.
[26] Rec. Doc. 86.
[27] Doc. 118; *United States v. Reed*, 776 F. App'x 240 (5th Cir. 2019).
[28] Rec. Doc. 120, p. 4.
[29] *Id.*

the manner in which courts apply the categorical approach; thus, he maintains his 2014 state conviction cannot support his career offender enhancement.[30] Reed further relies upon the Supreme Court's decision in *United States v. Taylor*,[31] as well as two Fourth Circuit decisions from 2007 and 2017.[32] Reed also cites the Agriculture Improvement Act of 2018, Pub. L. No. 115-334, § 12619(a), 132 Stat. 4490 (2018) (hereinafter the "2018 Farm Bill") to argue that his 2016 federal conviction likewise cannot support the career offender enhancement because "the 2018 Farm Bill removed hemp from the federal schedule of controlled substances," and there was no evidence that the marijuana Reed possessed had the requisite levels of THC to qualify as the controlled substance of marijuana as opposed to hemp.[33] Reed urges "the Court to 'correct' his federal sentence to give the appropriate effect to his criminal history" because he "is serving a federal sentence that was incorrect when it was imposed."[34] Reed contends "[h]is claim is properly brought in a motion under § 2255 . . . because Reed claims his sentence was imposed in violation of the Sentencing Guidelines, which are laws of the United States."[35]

The Government opposes Reed's motion, arguing that it is untimely; that *United States v. Taylor* is inapplicable to Reed's claims and thus cannot make his motion timely under § 2255(f)(3); and that the timing of the 2018 Farm Bill upon which Reed relies is likewise unavailing based on Reed's criminal history in 2016.[36]

---

[30] *Id.* at pp. 4–7.
[31] 596 U.S. 845 (2022).
[32] Rec. Doc. 120, pp. 4-7.
[33] *Id.* at pp. 7–8.
[34] *Id.* at p. 8.
[35] *Id.*
[36] *See, generally,* Rec. Doc. 126-1.

## II.    TIMELINESS OF SECTION 2255 MOTION

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations and "shall run from . . . the date on which the judgment of conviction becomes final."[37] After an appeal affirming this Court's judgment, "for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."[38] The Fifth Circuit affirmed this Court's judgment on August 29, 2019.[39] Thus, Reed's judgment[40] became final 90 days after the Fifth Circuit affirmed this Court's judgment -- November 27, 2019 -- since he did not file a petition for certiorari.[41] Reed had until November 27, 2020, to file his motion under § 2255(f)(1). He failed to do so as this motion was filed more than two years after that date, on June 30, 2023.[42] Nevertheless, under the prison mailbox rule, the Court must deem Reed's motion filed when it was placed in the prison mailing system, which was on June 20, 2023.[43]

The Fifth Circuit instructs that "a movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely."[44] Reed does not argue that his motion is timely under the general rule established in 28 U.S.C. § 2255(f)(1).[45] While "the statute provides

---

[37] 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).
[38] *Clay v. United States*, 537 U.S. 522, 532 (2003).
[39] Rec. Doc. 118; *United States v. Reed*, 776 F. App'x 240 (5th Cir. 2019).
[40] Rec. Doc. 91.
[41] *See* Sup. Ct. R. 13(1) ("a petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment.") and Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment . . . and not from the issuance date of the mandate[.]"); *see also* Supreme Court, Docket Search, https://www.supremecourt.gov/docket/docket.aspx (last visited May 7, 2024).
[42] Rec. Doc. 120, p. 1.
[43] *Id.* at p. 16; *see United States v. Nyamaharo*, 514 F. App'x 479, 480 (5th Cir. 2013).
[44] *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).
[45] *See* Doc. 120, p. 15.

alternative trigger dates for the one-year limitations period,"[46] they are unavailing to Reed.

Perhaps comprehending the statutory untimeliness of his motion, Reed contends his "motion is being filed within one year of the claims becoming available, and Supreme Court decision."[47] However, he fails to cite any particular Supreme Court decision to establish timeliness, and the only Supreme Court decision cited in Reed's motion is *United States v. Taylor*, under which he claims his state conviction for attempted possession with intent to distribute marijuana on December 1, 2014, may no longer serve as a predicate offense for his career offender enhancement.[48]

As advanced by the Government, and the Court agrees, Reed must be arguing that § 2255(f)(3) applies to this aspect of his claim. This statute provides that the one-year limitation runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Court interprets Reed's argument to be that his claim regarding the applicability of the career offender enhancement involves a right that was both "newly recognized" and "made retroactively applicable to cases on collateral review" by *Taylor*.[49] Indeed, Reed's motion was filed within a year after Taylor was decided; thus, if *Taylor* recognized the right Reed claims and made that right retroactive, this aspect of his claim would be timely under § 2255(f)(3). However, as the Government argues, and the Court agrees, *Taylor* does not address whether Reed's prior state conviction qualifies as a career offender predicate; thus, the timing of *Taylor* is irrelevant.

---

[46] *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012)(citing 28 U.S.C. § 2255(f)(2)–(4)).
[47] Doc. 120, p. 15.
[48] *Id.* at pp. 4-7.
[49] *See* Doc. 139 at 13, 21.

To provide relief under § 2255(f)(3), *Taylor* must "dictate the right urged by [Reed]," meaning there is no other reasonable interpretation of the holding.[50] In *Taylor*, the Supreme Court distinguished a *completed* Hobbs Act robbery from an *attempted* Hobbs Act robbery for purposes of qualifying as a predicate crime of violence under § 924(c)(3)(A), which "covers offenses that have as an element the use, attempted use, or threatened use of physical force against the person or property of another."[51] Thus, "[w]hatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause."[52]

*Taylor* is entirely inapplicable here, where Reed challenges his designation as a career offender under USSG §§ 4B1.1 and 4B1.2.[53] None of Reed's predicates involved a robbery of any kind, let alone an attempted robbery. Reed ignores his simple kidnapping conviction and rather focuses his *Taylor* argument on his 2014 conviction for "attempted possession with the intent to distribute marijuana."[54] Because *Taylor* does not dictate any rule concerning attempted drug offenses, Reed's claim is untimely.

Additionally, the Fifth Circuit has often held that cases like *Taylor* that interpret statutes do not dictate claims like Reed's because his claim does not involve a statute; rather, it involves the career offender guideline. This is an important distinction because the Guidelines do "not increase the statutory minimum or maximum penalty a defendant faced. The Guidelines only cabined a judge's discretion in choosing a sentence within the statutory range."[55] Reed's argument is not that his conduct fell outside the scope of a

---

[50] *United States v. London*, 937 F.3d 502, 508 (5th Cir. 2019).
[51] *Taylor*, 596 U.S. at 848 (cleaned up).
[52] *Id.* at 851.
[53] Rec. Doc. 120, pp. 4–7.
[54] *Id.*, at pp. 4–6.
[55] *London*, 937 F.3d at 507.

criminal statute or is forbidden by a certain category of punishment; rather, his argument is explicitly that the Court incorrectly calculated his sentence under the Guidelines. As such, in addition to being untimely, this claim is not cognizable in a § 2255 motion.[56]

Finally, Reed's reliance on the 2018 Farm Bill is likewise unavailing. Reed contends that under this Bill, his 2016 federal conviction for possession with intent to distribute marijuana cannot support the career offender enhancement.[57] Reed fails to carry his burden to establish the timeliness of this aspect of his claim. The Government generously interprets this claim as brought under § 2255(f)(4), which provides that the year-long period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." However, even if the 2018 Farm Bill altered the relevant definition of marijuana, such a partial repeal would not extinguish Reed's criminal liability from 2016.[58] Thus, the timing of the 2018 Farm Bill does not render this aspect of Reed's claim timely.

Moreover, if the 2018 Farm Bill *did* apply to Reed, he has failed to show that he could not assert this claim by the time limit set forth in § 2255(f)(1), which was November 27, 2020. "In applying § 2255(f)(4), the important thing is to identify a particular time when diligence is in order."[59] This law was approved on December 20, 2018.[60] "[I]n determining whether § 2255(f)(4) should be applied, the relevant inquiry should focus on when the

---

[56] *United States v. Segler*, 37 F.3d 1131, 1133–34 (5th Cir. 1994). Based on this conclusion, the Court need not consider retroactivity.
[57] Rec. Doc. 120, pp. 7–8.
[58] *See* 1 U.S.C. § 109; *see also United States v. Holley*, 818 F.2d 351, 352–354 (5th Cir. 1987).
[59] *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017) (cleaned up). For § 2255(f)(4) "to apply, a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances. As the Supreme Court has explained, 'diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act." *Id.* (cleaned up).
[60] 132 Stat. at 5018.

factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim."[61] As this is a public act, diligence was in order as of December 20, 2018. Thus, there is no reason apparent to the Court that, had Reed acted diligently, he could not have asserted this claim within the time established by § 2255(f)(1) -- by November 27, 2020.

The Court finds that Reed has failed to demonstrate that his motion is timely under any applicable provision of § 2255, and the record confirms as much. Additionally, the law and jurisprudence upon which Reed relies does not apply to his claims, as discussed above. Accordingly, Reed's 2255 Motion, filed approximately two-and-a-half years too late, is time-barred; the Government's Motion to Dismiss shall be granted.

## III.   CONCLUSION

For the foregoing reasons, the Government's Motions to Dismiss[62] are GRANTED. Reed's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence[63] is DENIED and DISMISSED as untimely.

Baton Rouge, Louisiana the 8th day of December, 2025.

*signature: Shelly D. Dick*

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[61] *Milam v. United States*, No. 14-CV-1924, 2015 WL 5896025 at *4 (N.D. Tex. 2015), *report and recommendation adopted*, No. 14-CV-1924, 2015 WL 5896121 (N.D. Tex. 2015) (cleaned up).
[62] Rec. Docs. 126, 130.
[63] Rec. Doc. 120.