**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA** **CRIMINAL ACTION**

**VERSUS**

**QUINN P. REED** **16-51-SDD-RLB**

**ORDER**

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant Quinn Reed ("Defendant").[1] The Government opposes this motion in the form of a Motion to Dismiss.[2] For the following reasons, the Defendant's motion is denied for lack of jurisdiction.

The Government asserts that the Defendant has failed to exhaust his administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's motion.

The compassionate release statute states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction .... 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] R. Doc. 129.
[2] R. Doc. 132.

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf." *Id.*

As clarified by the Court in *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020), the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP. *See* 18 U.S.C.§ 3582(c) (emphasis added).

Here, the Defendant does not allege that he submitted a request to the Bureau of Prisons to bring a motion for compassionate relief on his behalf. As such, it does not appear that the Defendant fully exhausted all administrative rights as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly,

**IT IS ORDERED** that the Government's Motion to Dismiss (R. Doc. 132) is **GRANTED** and Defendant's motion for compassionate release (R. Doc. 129) is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)[3].

Signed in Baton Rouge, Louisiana, on August 14, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] Even if Defendant had exhausted his administrative remedies his motion would still fail on the merits. His allegations about not receiving proper treatment for deep vein thrombosis do not present an extraordinary and compelling circumstance that would justify release. *See United States v. Applewhite,* 2026 WL 2225654 (E.D. N.Y. Aug. 3, 2026 (general allegations of inadequate medical care for DVT and other illnesses do not rise to the level of an extraordinary and compelling reason justifying release); and *United States v. Williams*, 161 F.4th 951, 953 (6th Cir. 2025) (alleged inadequate treatment for thrombophilia and DVT does not constitute extraordinary and compelling circumstances justifying release). Further, it appears the Defendant is receiving adequate outside treatment at Duke Vascular Specialists of Raleigh at the Duke University School of Medicine. *See* R. Doc. 139-3.